I respectfully dissent from the majority as to the analysis and disposition of all three assignments of error.
The case sub judice differs from the case of State ex re. Carroll v.Corrigan (1999), 84 Ohio St.3d 529 in one critical way. In the case subjudice there is no judgment entry from the prior petition for post conviction relief. The prior petition for post conviction relief was filed under a miscellaneous docket number. There is no judgment entry in the miscellaneous docket case nor in the record of the case sub judice.
Certainly when there has been a prior petition for post conviction relief filed and the trial court has issued a ruling (via a judgment entry), it is logical that on a successive petition for post-conviction relief the trial court would not have to issue findings of fact when ruling on the second petition. That is because the petitioner would have had a chance to appeal from that first petition. But, there must be a judgment entry to appeal from.
Therefore, since a court speaks only through its entries and there is no entry from the first petition for post conviction relief, I would find that Carroll is not applicable.
I would find that the trial court erred in failing to issue findings of fact and conclusions of law as to its reasons for denying appellant's July 6, 2000, Motion to Vacate or Set Aside Sentence, and I would reverse and remand this matter to the trial court.
Since the arguments raised in appellant's second and third assignments of error were raised in appellant's July 6, 2000, Motion to Vacate and Set Aside Sentence, and since I would reverse and remand this matter for the trial court to issue findings in response to those issues, I would find that appellant's second and third assignments of error are not yet ripe for review.
 _____________________________ Judge Julie A. Edwards, P.J.